# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHAEL MEJIA,<br><br>        Petitioner,<br><br>   v.<br><br>HARRINGTON,<br><br>        Respondent.<br>_____/ | 1:09-cv-01885-SMS (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY AS MOOT AND DENYING MOTION FOR EVIDENTIARY HEARING AS PREMATURE<br><br>[Docs. 3, 4] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner filed the instant petition for writ of habeas corpus on October 27, 2009. (Court Doc. 1.) On this same date, Petitioner filed a motion for an evidentiary hearing and motion to stay and hold the petition in abeyance pending exhaustion of the state court remedies. (Court Docs. 3, 4.)

I.    <u>Motion to Stay</u>

     In his motion to stay, Petitioner requests to return to state court to exhaust Claims Fifteen and Sixteen of the petition. (Motion, at 1.) On April 8, 2010, Petitioner filed an Amended Petition, and he attaches a copy of the California Supreme Court's denial of his state petition for writ of habeas corpus. (Court Doc. 11.) Thus, it appears that Petitioner has now exhausted the state court remedies with respect to Claims Fifteen and Sixteen, and his motion to stay is MOOT.

II.   <u>Motion For Evidentiary Hearing</u>

     Petitioner requests an evidentiary hearing to resolve the merits of his claims. Rule 8(a) provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Sain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

     The purpose of an evidentiary hearing is to resolve the merits of a *factual* dispute. In the instant case, the Court has yet to review the instant petition and until a thorough review of the merits of Petitioner's claims, it cannot be determined that a factual dispute necessitating an evidentiary hearing is present.[1] Following a thorough review of the petition's merits, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary. Accordingly, the request for an evidentiary hearing must be DENIED as premature.

     Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to stay and hold the petition in abeyance is DENIED as MOOT; and
2. Petitioner's motion for an evidentiary hearing is DENIED without prejudice as premature.

IT IS SO ORDERED.

**Dated:   April 21, 2010**               /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In fact, the Court has simultaneously directed Petitioner to either submit a completed in forma pauperis application or pay the $5.00 filing fee.